Lucas A. Messenger, Bar No. 217645
LMessenger@RobinsKaplan.com
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone: (310) 552-0130
Facsimile:  (310) 229-5800

Lauren J. Coppola (*pro hac vice* to be filed)
LCoppola@RobinsKaplan.com
Timothy Wenger (*pro hac vice* to be filed)
TWenger@RobinsKaplan.com
**ROBINS KAPLAN LLP**
800 Boylston Street, Suite 2500
Boston, MA  02199
Telephone: (617) 267-2300
Facsimile:  (617) 267-8288

Attorneys for Plaintiff
Wide Voice, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WIDE VOICE, LLC, | Case No. 2:20-cv-06868 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| CENTURYLINK COMMUNICATIONS, LLC and MCI COMMUNICATIONS SERVICES LLC, | |
| Defendants. | |

**INTRODUCTION**

1.     Wide Voice, LLC brings this action against CenturyLink Communications, LLC and MCI Communications Services LLC due to their refusal to pay certain fees pursuant to the terms of Wide Voice, LLC's federal telecommunications tariff.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

## **PARTIES**

2.     Plaintiff Wide Voice, LLC ("Wide Voice") is a Nevada limited liability company with its principal place of business in El Segundo, California.

3.     Defendant CenturyLink Communications, LLC ("CenturyLink") is a Delaware limited liability company with a principal place of business in Monroe, Louisiana.

4.     Defendant MCI Communications Services LLC ("Verizon") is a Delaware limited liability company with a principal place of business in Basking Ridge, New Jersey.

## **JURISDICTION AND VENUE**

5.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This case arises under federal law and relates to rights and obligations created by federal statute, specifically the Communications Act, 47 U.S.C. § 151 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

6.     The Federal Communications Commission ("FCC" or "the Commission") has confirmed that the proper forum for an action to recover unpaid charges due under the terms of a federal tariff is federal district court.  *U.S. Telepacific Corp. v. Tel-America of Salt Lake City, Inc.*, 19 FCC Rcd 24552, ¶ 8 (2004).  Collection of unpaid charges for service under a FCC tariff arises under the Communications Act because the claim relies upon a tariff, which is required by that federal statute to be filed with the FCC.  *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1096 (3rd Cir. 1995); *see also Bernstein Bros. Pipe & Machinery Co. v. Denver & R.G.W.R. Co.*, 193 F.2d 441, 444 (10th Cir. 1951) (holding that the right to collect tariff rates arises from the federal statute that establishes the tariff filing requirement).

7.     The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is among citizens of different states and the amount in controversy exceeds $75,000.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1      8.      The Court has personal jurisdiction over CenturyLink because

2   CenturyLink has substantial business activities in California, is registered to do

3   business in California, and has network equipment and other business operations

4   and offices in California.  CenturyLink's network connects to Wide Voice's

5   network through a tandem switch located in Los Angeles, California.  Much of the

6   unpaid charges at issue here are from calls CenturyLink transmitted to Wide Voice

7   in Los Angeles, California.  In addition, a portion of the unpaid charges at issue

8   result from calls made to California telephone numbers.  CenturyLink made partial

9   payments to Wide Voice in California and had CenturyLink sent full payments to

10  Wide Voice as obligated it would have sent such payments to California.

11     9.      The Court has personal jurisdiction over Verizon because Verizon has

12  substantial business activities in California, is registered to do business in

13  California, and has network equipment, retail locations, and other business

14  operations and offices in California.  Verizon is also an incumbent local exchange

15  carrier in California.  Verizon's network connects to Wide Voice's network through

16  a tandem switch located in Los Angeles, California.  Much of the unpaid charges at

17  issue here are from calls Verizon transmitted to Wide Voice in Los Angeles,

18  California.  In addition, a portion of the unpaid charges at issue result from calls

19  made by Verizon subscribers in California and/or to California telephone numbers.

20  Verizon has made partial payments to Wide Voice in California.

21     10.     Venue is proper in this Judicial District, pursuant to 28 U.S.C. §

22  1391(b)(1), because CenturyLink and Verizon "reside" in the District, due to their

23  contacts with the District, including providing services, having corporate offices

24  and network equipment, and being connected to Wide Voice in the District.  Venue

25  is also proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events or

26  omissions giving rise to the claims occurred in the District.

27

28

COMPLAINT

1  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

2      11.    Wide Voice is a competitive local exchange carrier ("CLEC") that

3  provides interstate access services to interexchange carriers pursuant to tariffs filed

4  with the Commission.

5      12.    CenturyLink and Verizon are interexchange (i.e., long distance)

6  carriers who provide long distance phone service.

7      13.    CenturyLink and Verizon are using the interstate access services Wide

8  Voice provides under the terms of its Tariff No. 3.  CenturyLink and Verizon use

9  these services so they can connect calls made by their customers from whom they

10  are paid.

11      14.    On December 13, 2019, Wide Voice filed Transmittal No. 14 with the

12  Commission, which revised Wide Voice's Tariff No. 3 ("Revised Tariff 3").

13  Verizon challenged Wide Voice's tariff on various grounds, which the Commission

14  declined to act on.  Wide Voice's Revised Tariff No. 3 became effective and was

15  deemed lawful by operation of law on December 28, 2019.

16      15.    Thus, as of December 28, 2019, Wide Voice's Revised Tariff No. 3

17  establishes the rates, terms and conditions under which Wide Voice provides its

18  interstate access services to interexchange carriers like CenturyLink and Verizon.

19      16.    Under Section 2.10.4 of Wide Voice's Revised Tariff No. 3, all

20  invoices for Wide Voice's tariffed services are "presumed accurate and shall be

21  binding" unless a customer, such as CenturyLink or Verizon, provides Wide Voice

22  with a written dispute notice "identify[ing] in detail the basis for the dispute."

23      17.    Under Section 2.10.5 of Wide Voice's Revised Tariff No. 3, Wide

24  Voice is entitled to a late fee equal to "1.5% per month, or the highest rate

25  permitted by applicable law, whichever is less," of any invoiced amount not paid

26  within 30 days of the invoice date.

27      18.    Under Section 2.10.4(J) of Revised Tariff No. 3, Wide Voice is further

28  entitled to recover reasonable attorneys' fees and expenses it incurs if it prevails in

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

COMPLAINT

1   an action to collect amounts due under its Revised Tariff No. 3.

2       19.   Since January 1, 2020, Wide Voice has separately invoiced

3   CenturyLink and Verizon, on a monthly basis, for their respective use of Wide

4   Voice's interstate switched access services in accordance with the applicable rates

5   set forth in its Revised Tariff No. 3.

6       20.   CenturyLink has provided what it calls a "dispute," but it is devoid of

7   detail or information required for Wide Voice to properly investigate and thus is not

8   in compliance with Revised Tariff No. 3.

9       21.   Verizon has provided a written dispute notice to Wide Voice.  Wide

10  Voice has investigated Verizon's dispute and resolved a portion of the dispute by

11  providing a small credit to Verizon.  Wide Voice, however, determined the majority

12  of the dispute was without merit and resolved it in its favor.

13      22.   Despite demand by Wide Voice pursuant to the terms of Revised

14  Tariff No. 3, both CenturyLink and Verizon have refused and continue to refuse to

15  fully pay for Wide Voice's tariffed services.  Specifically, CenturyLink and

16  Verizon have withheld amounts due to Wide Voice under its Revised Tariff No. 3

17  for its tandem-switched transport services.

18      23.   CenturyLink's unpaid balance for the period from January 1, 2020 to

19  July 10, 2020 is $28,047.82, exclusive of late fees, attorneys' fees and interest.

20  Additional damages are accruing monthly as CenturyLink continues to withhold

21  amounts due for services rendered by Wide Voice.  Both CenturyLink and Verizon

22  have refused to pay while continuing to take service from Wide Voice

23      24.   Verizon's unpaid balance for the period from January 1, 2020 to July

24  10, 2020 is $2,721,140.93, exclusive of late fees, attorneys' fees and interest.

25  Additional damages are accruing monthly as Verizon continues to withhold

26  amounts due for services rendered by Wide Voice.

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

## First Claim for Relief

### (Collection Action Pursuant to Federal Tariff v. CenturyLink and Verizon)

25.     Wide Voice repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 of this Complaint as if set forth fully herein.

26.      Pursuant to federal law, Wide Voice has filed a Revised Tariff No. 3, which has the force and effect of law and the terms of which constitute a valid and binding contract.

27.     Wide Voice has provided interstate switched access services to CenturyLink and Verizon in compliance with the terms of its Revised Tariff No. 3.

28.     Wide Voice has separately invoiced CenturyLink and Verizon in accordance with the rates set forth in its Revised Tariff No. 3.

29.     CenturyLink and Verizon are required to fully pay for Wide Voice's access services as set forth in its Revised Tariff No. 3.

30.     CenturyLink and Verizon have each refused and continue to refuse to fully pay for Wide Voice's tariffed services.

31.     Wide Voice has been, and continues to be, damaged by CenturyLink and Verizon's refusal to fully pay for Wide Voice's tariffed services.  Wide Voice is entitled to full payment, plus late fees, its attorneys' fees, interest, and other such damages that may be established at trial.

## Second Claim for Relief

### (Declaratory Judgment v. CenturyLink and Verizon)

32.     Wide Voice repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 of this Complaint as if set forth fully herein.

33.     There exists a present, actionable and substantial controversy concerning the legal rights among the parties.  The specific matter in dispute is whether CenturyLink and Verizon must pay Wide Voice for its tandem-switched transport services under the terms of its federally filed tariff.  Such controversy

1    arises under the Communications Act, and under the laws and regulations of the

2    United States.

3        34.    CenturyLink and Verizon's refusal to pay for Wide Voice's tandem-

4    switched transport charges is an ongoing and repeated practice.

5        35.    Absent a declaratory judgment, CenturyLink and Verizon will

6    continue their wrongful practice of refusing to pay for Wide Voice's tandem-

7    switched transport charges and associated late fees.

8        36.    It would be unduly burdensome and inefficient for Wide Voice to

9    bring new actions for damages each time CenturyLink and/or Verizon refuse to pay

10   for Wide Voice's tandem-switched transport charges.

11       37.    Accordingly, Wide Voice is entitled to a declaratory judgment, and

12   such further relief based upon that declaratory judgment as the Court deems proper,

13   pursuant to 28 U.S.C. §§ 2201 and 2202, determining that Wide Voice:

14           (a)  Has lawfully charged CenturyLink and Verizon for tandem-

15                switched transport charges pursuant to Wide Voice's Revised Tariff

16                No. 3;

17           (b)  CenturyLink and Verizon have violated Wide Voice's Revised

18                Tariff No. 3 by refusing to pay for Wide Voice's for tandem-switched

19                transport charges and associated late fees; and

20           (c)  CenturyLink and Verizon are obligated to make timely payment of

21                these charges and late fees as said charges that are overdue from

22                January 1, 2020 through the present and in the future as they become

23                due.

## PRAYERS FOR RELIEF

25       Wherefore, Wide Voice requests that the Court enter judgment against

26   CenturyLink and Verizon and provide Wide Voice with the following relief:

27       (a)    An Order awarding Wide Voice damages and all relief available to

28   Wide Voice as a result of CenturyLink and Verizon's refusal to fully pay Wide

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Voice under the terms of its Revised Tariff No. 3, including late fees, attorneys'

2  fees, interest and other litigation costs;

3       (b)    An Order declaring that Wide Voice (a) has lawfully charged

4  CenturyLink and Verizon for tandem-switched transport charges pursuant to Wide

5  Voice's Revised Tariff No. 3; (b) that CenturyLink and Verizon have violated Wide

6  Voice's Revised Tariff No. 3 by refusing to pay for Wide Voice for tandem-

7  switched transport charges and associated late fees; and (c) that CenturyLink and

8  Verizon are obligated to make timely payment of charges and late fees from

9  January 1, 2020 to the present and in the future as said charges become due; and

10       (c)    An Order granting Wide Voice such other relief as the Court may

11  deem just or proper.

12  **JURY DEMAND**

13      Wide Voice demands a trial by jury on all claims so triable.

14

15  DATED:  July 30, 2020        **ROBINS KAPLAN LLP**

16

17                  By:  /s/ Lucas A. Messenger
                     Lucas A. Messenger

18                       Lauren J. Coppola (*pro hac vice* to be filed)
                     Timothy Wenger (*pro hac vice* to be filed)

19                 Attorneys for Plaintiff Wide Voice, LLC

20  37119708.1

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

          COMPLAINT